**UNITED STATES of America**

v.

**Jose PEREZ, et al., Defendants.**

**No. 88 Cr. 128 (JES).**

United States District Court,
S.D. New York.

Oct. 11, 1988.

Rudolph W. Giuliani, Atty. Gen., for S.D. N.Y., New York City, for U.S.; Richard K. Williard, Asst. Atty. Gen., Robert Cynkar, Deputy Asst. Atty. Gen., Douglas Letter, Thomas Millit, Attys., U.S. Dept. of Justice, Alexandra Rebay, John F. Savarese, Asst. U.S. Attys., of counsel.

Caesar D. Cirigliano, New York City, for defendants; Abraham L. Clott, Jack Lipson, Henriette D. Hoffman, of counsel.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Defendant Jose Perez challenges the constitutionality of the Sentencing Reform Act of 1984 ("the Act") and the Sentencing Guidelines ("Guidelines") promulgated by the United States Sentencing Commission. For the reasons that follow, the Court holds that the Guidelines are unconstitutional.[1]

 At the outset, it should be noted that the Court does not accept the government's argument that this application is not

---

1. After Oral Argument of defendant's motion on May 27, 1988, the Court ruled the Guidelines unconstitutional. This Memorandum Opinion and Order incorporates the Court's oral ruling.

ripe for review. Any decision made by a defendant as to whether to proceed to trial or enter a guilty plea can and will be affected by a determination of whether the Guidelines will be applied to him. Therefore, the Court will address the merits.

▮ The Commission which promulgated the Sentencing Guidelines at issue possessed a mixture of executive, legislative, and judicial characteristics. Thus, although Congress placed that Commission in the judicial branch, the President was given the power to appoint and remove the commissioners. *See* 28 U.S.C. § 991(a) (Supp. IV 1986). On the other hand, the Commission was given discretion to decide the basis upon which punishment should be imposed, a decision ordinarily made by the legislature.

Moreover, Congress did not narrowly channel the exercise of those essentially legislative judgments, as evidenced by the fact that the commissioners had very sharp disputes as to what their mandate was and as to what the sentencing philosophy of the Guidelines should be, *i.e.*, how should they punish and why? Nor was the Commission aided in its task by the references in its enabling legislation to general sentencing factors such as rehabilitation and deterrence. *See* 28 U.S.C. § 991(b); *see also* 18 U.S.C. § 3553(a) (Supp. IV 1986).

Indeed, the history of the Commission's drafts reflects the uncharted seas upon which it was asked to sail. After the Commission's first draft was very badly received, it was followed by a new draft which completely altered the approach taken in the first. Even as late as the time that the final drafts were issued there were still unresolved conflicts as to what the correct sentencing approach should be.

▮ Nevertheless, this mixture of executive, legislative, and judicial powers is not the Guidelines' most serious constitutional vice. Although admittedly powers denominated executive, legislative or judicial frequently overlap so that it may be constitutionally permissible to endow one branch of the government with some of the attributes of the others, Congress cannot constitutionally usurp the judicial function

entirely. However, the very essence of the judicial function consists in arriving at legal and factual conclusions by applying general precepts to particular facts. It follows that Congress does not have the constitutional option of conferring judicial discretion while at the same time directing the manner in which such discretion must be exercised. Only an Article III Court exercising Article III powers can review, correct and direct the exercise of that discretion.

Here, however, the Commission purports to set guidelines for the application of general norms to particular facts outside the Article III context and indeed entirely outside the context of a case or controversy. The Court therefore concludes that the Sentencing Commission has exercised judicial power in a way that the Constitution does not permit.

The only argument mitigating against the conclusion that judicial power is being exercised by the Commission in the Guidelines is that there is at least some indication in the Guidelines that they are not meant to be binding and that judges may still have broad discretion in choosing not to apply them. However, it would be disingenuous for the Court to ignore the clear Congressional intent that judges should not be permitted to deviate from the Guidelines, absent situations not contemplated by the Guidelines.

To the extent that they are binding and are meant to be binding, the Guidelines do direct the exercise of judicial discretion. That direction constitutes the exercise of judicial power which cannot be exercised by a commission, the Congress, or indeed even by a board of judges of this Court. Moreover, the fact that judges are on that Commission is not sufficient to cure this constitutional defect, especially since the President appoints and removes the commissioners.

▮ In sum, if Congress wishes to eliminate sentencing disparity, there are constitutional ways to do it. Congress can eliminate judicial discretion entirely. Congress can enact a comprehensive scheme of of-

fense categorization and offense characteristics that will limit the range of sentences that Courts can impose in a *general* class of cases. Moreover, Congress unquestionably has the power to provide for appellate review of sentencing. All of these methods would serve the laudable objective of eliminating disparity in sentencing. However, Congress does not have the power to set up a Commission to direct Judges as to how they should exercise a judicial power once conferred in particular cases. In short, Congress cannot exercise judicial power and may not delegate to a Commission the authority to do what it may not do, especially where, as here, the Commission which they have established is an amalgam of executive, legislative and judicial power.

For the reasons set forth above, the Court finds the Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 unconstitutional.[2]

It is SO ORDERED.

---

**2.** Defendant has also argued that the Guidelines are not severable from the Sentencing Reform Act of 1984 because the Act made other changes in the law such as the abolition of parole and applications to review sentences pursuant to Fed.R.Crim.P. 35(b) and that Congress would not have enacted the other provisions of the Act without the Guidelines. The Court need not decide the issue of severability at this point, because that issue will only be ripe when an actual controversy relating to the validity of those provisions is before the Court.