**UNITED STATES of America**

v.

**Jose CONCEPCION, Defendant.**

**No. 88 Cr. 0607 (RWS).**

United States District Court,
S.D. New York.

Aug. 16, 1989.

SENTENCING OPINION

SWEET, District Judge.

Defendant Jose Concepcion ("Concepcion") pleaded guilty on October 27, 1988 to one count of distributing cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) & 845a(a). He appears now before the court for re-sentencing consistent with *Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). For the reasons set forth below, Concepcion is re-sentenced to a fine of $2,000, to be paid in monthly installments of $100.

*The Facts*[1]

Concepcion was arrested on August 23, 1988 following his participation in the sale of two small packets of cocaine to an undercover police officer for $40.00. His two co-defendants had been selling cocaine as partners for several months prior to their arrest that day. Concepcion was a newcomer to drug sales, having just begun to work for the co-defendants as a street-seller following the loss of his regular job.

Following the arrest, a three count indictment was brought. Concepcion pleaded guilty to the "schoolhouse" count of cocaine distribution, 21 U.S.C. § 845a(a). On December 8, 1988—several months after this court held the U.S. Sentencing Guidelines (the "Guidelines") to be unconstitutional, *see United States v. Alafriz*, 690 F.Supp. 1303 (S.D.N.Y.1988), but some months before the countervailing ruling in *Mistretta*—Concepcion appeared for sentencing on that count.

At this first sentence hearing, the "old" sentencing laws were applied to Concepcion, based on the court's view that the Sentencing Reform Act and the Guidelines were unconstitutional and unseverable. A prison sentence of 39 months was imposed, execution of all but the initial three months of which was suspended in favor of probation, pursuant to 18 U.S.C. § 3651.[2]

---

1. This statement of facts draws on the Presentence and Investigation Reports and a supplemental Supervision Progress Report prepared by the U.S. Probation Office.

2. 18 U.S.C. § 3651, governing suspension of sentence execution and probation, was repealed by the Sentencing Reform Act, Pub.L. 98–473, § 212(a)(2), 98 Stat.1987 (1984), which adopted a new, and somewhat distinct, provision relating to probation, codified at 18 U.S.C. § 3561. The repeal was to apply to offenses committed after November 1, 1987. Pub.L. 98–473, § 235, 98 Stat.2031 (1984), *amended,* Pub.L. 99–217, § 4, 99 Stat. 1728 (1985). Concepcion's offense was committed after that date and so ordinarily would have been governed by the new probation provision. However, the court's prior decision in *United States v. Alafriz,* which held unconstitutional the principal sentencing changes inaugurated by the Sentencing Reform Act, together with the general atmosphere of uncertainty surrounding the status of both old and new sentencing practices, influenced this court's determination to apply the pre-Sentencing Reform Act provisions to Concepcion pending a final resolution of the Act's constitutionality.

Concepcion voluntarily surrendered on the date set forth in his judgment and commitment order and proceeded to serve a period of three months' incarceration. His 36 month probation term commenced on March 9, 1989. Reports indicate his adjustment to probationary supervision thus far has been adequate.

On May 10, 1989, following the decision in *Mistretta,* Concepcion's case was remanded to this court for re-sentencing consistent with the requirements of the sentencing laws and regulations upheld by that decision. A sentencing hearing was held on August 3, 1989, at which counsel for Concepcion argued, in view of Concepcion's present completion of the previously imposed term of imprisonment and his successful readjustment to probationary supervision, that the new sentence should require no further period of confinement. Under defense counsel's interpretation of the governing law, the only way to achieve that result would be to impose no further sentence upon Concepcion other than the levying of a fine. The Government initially opposed such a sentence.

The hearing was continued to August 16, 1989 to allow the Government and defense counsel additional time to explore the appropriateness of this, or some alternative, resolution under the sentencing laws and Guidelines. On August 10, 1989, upon further reflection, the Government stated, in correspondence directed to the court and defense counsel, that it did not oppose the sentence application that Concepcion's counsel had proposed. The court must nevertheless consider the appropriateness of that application.

*Sentencing Considerations upon Remand*

The terms of Concepcion's new sentence must be consistent with the penal requirements of the criminal provisions to which he pleaded, 21 U.S.C. §§ 841(b)(1)(C) and 845a(a), and the requirements of the Guidelines (including its provisions permitting departure therefrom under appropriate circumstances). The court finds that Concepcion's original sentence requires modification to satisfy those requirements.

Minimum Sentences under the Schoolhouse Count

21 U.S.C. § 845a(a), the "schoolhouse" provision of the Comprehensive Drug Abuse Prevention and Control Act, sets forth the penalties applicable to any person who distributes a controlled substance within one thousand feet of a school. A person convicted of violating this law is, by its terms,

> punishable (1) by a term of imprisonment, *or* fine, *or* both up to twice that authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a term of imprisonment under this subsection shall not be less than one year.

21 U.S.C. § 845a(a) (emphasis supplied).

Section 841(b)(1)(C), the subparagraph of the section 841(b) referred to above under which Concepcion also was convicted, contains no mandatory minimum sentence of imprisonment (except under circumstances, not applicable here, in which death or serious bodily injury result from the use of the controlled substance in question). It does establish, as a maximum sentence, a term of twenty years' imprisonment, *or* a fine no greater than $1,000,000, *or* both. The subparagraph further provides, in the event a term of imprisonment is imposed upon a first-time offender, that the offender must serve a term of supervised release of at least three years following the term of imprisonment. 21 U.S.C. § 841(b)(1)(C).

Thus, pursuant to the "schoolhouse" provision and section 841(b)(1)(C), the maximum sentence that may be imposed on Concepcion is a term of imprisonment not greater than forty years, or a fine not greater than $2,000,000, or both. Oddly enough, but evident from the repeated statutory use of disjunctive language, neither provision requires that Concepcion's sentence include a term of imprisonment. If, however, the court chooses to impose a term of imprisonment, the provisions, read together, require that the jail term be not

less than one year in length and that it be followed by a term of supervised release of at least six years in duration.

The sentence previously imposed on Concepcion—a term of imprisonment of 39 months, 33 months of which term was suspended in favor of probation—is consistent with the one year minimum term requirement of the schoolhouse provision. *Cf. Rodriguez v. United States,* 480 U.S. 522, 526, 107 S.Ct. 1391, 1395, 94 L.Ed.2d 533 (1987) (per curiam) (minimum prison term requirement of provision of Comprehensive Crime Control Act satisfied by imposing sentence of minimum term, execution of which was suspended). It is not consistent, however, with the provision of the Sentencing Reform Act of 1984, Pub.L. No. 98–473, Title II, § 212(a)(2), 98 Stat.1992 (codified as amended at 18 U.S.C. § 3561) that now clearly regulates judicial authority to suspend execution of sentences and to impose probation.

This new probation law, unlike its repealed predecessor, 18 U.S.C. § 3651, forbids sentencing to probation any defendant whose crime of conviction is a Class A or Class B felony. 18 U.S.C. § 3561(a)(1). Concepcion's crime of conviction is so classified. *See* 18 U.S.C. § 3559(a)(1)(B). Hence, the probation alternative is unavailable at this re-sentencing.

The unfortunate result is to restrict unduly the available sentencing alternatives. Concepcion can be sentenced to serve one year (or more) in prison, followed by a mandatory minimum six years' supervised release, or, alternatively, be given a sentence providing for a fine alone, accompanied by no imprisonment, no probation, no supervised release. As a Class B felon convicted under the schoolhouse charge, he cannot, however, be given a sentence that imposes a term of imprisonment the length of which amounts to anything less than a full year of confinement. Nor can the court impose any period of probation, or a term of supervised release lasting for a period of less than six years.

Given these constricted sentencing options, Concepcion shall be re-sentenced to a fine of $2,000, pursuant to 21 U.S.C.

§§ 841(b)(1)(C) & 845a(a). In imposing that sentence, the court is more than mindful that Concepcion already has completed a term of three months in federal prison and another five months outside under probationary conditions, pursuant to his original sentence, and already has successfully begun the process of reentry into the community. The unnecessary disturbance of that sensitive process would be unwise at this point.

Were these unusual considerations not present, the court would be inclined to impose a sentence of the minimum one year term of imprisonment, there being no lesser jail sentence permitted under 21 U.S.C. § 845a(a). Moreover, were it not forbidden under the governing probation and supervised release laws, Concepcion's present sentence would require that he serve several additional months on probation or supervised release. Because the governing sentencing laws do not permit that degree of flexibility, the court chooses to administer a sentence that is somewhat more lenient than the term originally intended. In view of the limited sentencing options available and the unusual posture of this case, such lenity is warranted.

Departure from the Guidelines

Based upon an offense level of twelve and a criminal history category of I, the Guidelines, as calculated by the Probation Officer, provide for a range of ten to sixteen months imprisonment. Independent review of the offense level assigned to Concepcion, however, indicates that a downward adjustment of two additional points is appropriate, in view of Concepcion's minor role in the offense. *See* Guidelines § 3B1.2 (providing for such adjustment when the participant in criminal activity "is less culpable than most other participants, but whose role could not be described as minimal"). With his offense level so adjusted, Concepcion's Guideline sentencing range calls for six to twelve months imprisonment.

The sentence presently imposed—a $2,000 fine, with no period of imprisonment or supervision—superficially presents a substantial departure from the six month

prison term called for by the Guidelines. In truth, the degree of departure, realistically appraised, is quite minor in scope and, in view of the unusual circumstances presented by a re-sentencing that follows upon a defendant's satisfactory completion of a prison term, is well warranted.

In the first place, the Guidelines do not in fact require Concepcion's service of six months in prison. Where the minimum sentence provided for in the Sentencing Table is not more than six months (as is true in Concepcion's case), the rules state that the minimum term may be satisfied by, *inter alia,* a term of imprisonment of no less than half of the minimum term (three months, in the case of Concepcion) followed by a term of supervised release or probation which contains a condition of community confinement, for a period making up the remainder of the minimum term. Guidelines § 5C2.1(c).

Thus, service time already completed by Concepcion under his original sentence falls just short of satisfying the requirements of the Guidelines: his Guideline minimum was six months; he served one half of the minimum in prison; and he spent five months—more than the three month remainder of the minimum—on probation. The only deviation presented by his prior service record is that his probation did not include a condition of three months' community confinement. Instead, Concepcion lived at home and worked in the community.[3]

Of course, Concepcion's re-sentence technically will not require him to serve any period in confinement. That apparent departure from the six month Guideline minimum has been embraced, however, simply as a way of crediting Concepcion with the time he has already served under his original sentence while in prison and under probationary supervision. To that extent, the re-sentence does not constitute a true departure at all. Rather, it ensures that Concepcion's prior time in prison is fairly reflected in his sentencing.[4]

The one genuine departure, noted above, does require further justification. To the extent that Concepcion was not subject to community confinement for at least three of the five months of the term of probation he served, he has not fulfilled the requirement of the Guidelines, discussed *supra,* that six months be spent in some form of confinement. This minor departure from the Guidelines is appropriate, however, in view of unique factual circumstances here present "of a kind ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (Supp. V 1987).

---

**3.** The justification for that minor departure is discussed below.

**4.** Statutory limitations discussed *supra* prohibit giving Concepcion any sentence of imprisonment of less than one year, although they allow him to be given a sentence that includes no term of imprisonment at all. As a result, Concepcion can be "credited" in his re-sentence with the time he already served in prison only if the re-sentence imposes on him a term of imprisonment of one year or more. However, a term of imprisonment of that length is not required by the statute or the Guidelines nor is it warranted under the peculiar facts of this case. Thus, the only way to reflect as a sentencing consideration the fact that Concepcion has already served three months in prison, other than by inappropriately imposing on him a sentence of imprisonment substantially longer than that which is deserved, is to depart from the Guidelines.

That departure clearly is warranted. Concepcion's satisfactory completion of a large portion of the minimum service required under the

Guidelines—prior to his being re-sentenced under a statutory scheme that allows such time served to be credited to the term of his re-sentence only if the re-sentence imposes confinement for a term substantially longer than is required by any penal statute or the Guidelines—constitutes a concatenation of mitigating circumstances highly relevant to his sentencing. Nothing in the Guidelines suggests that the Sentencing Commission foresaw or even contemplated the unfair and unwise results that would arise from adherence to the Guidelines in this unusual context. *See* 18 U.S.C. § 3553(b). The impossibility of anticipating events as unusual as these is no doubt why the "decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing." Guidelines § 5K2.0 at 5.36. For the reasons indicated above, the court holds this to be a case presenting a set of "unusual circumstances" warranting departure, *id.,* for assuredly the mitigating circumstances in question were not considered by the Sentencing Commission in formulating the Guidelines.

Concepcion completed his three month term of incarceration some time ago, and for the past several months has served the probation term imposed by his original sentence. Consequently, post-incarceration information concerning the Defendant's efforts to re-enter society is available to the court at the time of this re-sentencing. Probation reports indicate that since his release from prison, he has maintained a steady position (at which his employer states he works reliably), has responsibly reunited with his wife and family, and, to the best knowledge of law enforcement officials, has not been involved with illegal activities.

The availability of such *post*-incarceration information in the context of re-sentencing is a circumstance of a kind unanticipated by the Sentencing Commission, yet necessarily relevant to a determination of appropriate probation conditions.[5] This information, in Concepcion's case, would strongly argue against imposing an additional three month period of probationary confinement, were that solution permitted under the statutory framework under consideration here. As noted, it is not. In view of the schoolhouse count's one year minimum, the Guideline's suggestion of a minimum of six months confinement in fact can be followed only by returning Concepcion to prison for nine full months of further incarceration.

Such rigid adherence to the Guidelines would, in this unusual scenario, cause a radical and unwise interruption of Concepcion's so far successful efforts to reintegrate himself into family and community. Based upon the available post-incarceration information—information of a kind not considered by the Sentencing Commission in the Guidelines as formulated—this court is

dubious that promotion of respect for law, or protection of public safety, would be furthered by returning Concepcion to prison at this time, and believes it even less likely that such further confinement would be the "most effective manner" of providing correctional treatment for him. *See* 18 U.S.C. § 3553(a)(2). Accordingly, exercising the " 'wide discretion' accorded district courts in determining what circumstances to consider in deciding whether to depart from the Guidelines," *United States v. Sturgis*, 869 F.2d 54, 56 (2d Cir.1989) (quoting *United States v. Correa–Vargas*, 860 F.2d 35, 37 (2d Cir.1988)), the court shall impose no additional term of imprisonment upon Concepcion.

The minimum fine of $2,000 and a $50 mandatory assessment shall be imposed.

It is so ordered.

---

**5.** That this is the sort of information that is relevant to sentencing is attested to by the Sentencing Commission itself. The Commission deems analogous *pre*-incarceration information to be relevant to judicial determinations of the level of supervision to impose upon a term of probation—the same question that is at issue here. With respect to a defendant's previous employment record, the Guidelines state that "[i]f, independent of the consideration of employment record, a defendant is sentenced to

probation ..., considerations of employment record may be relevant in the determination of the length and conditions of supervision." Guidelines § 5H1.5. Similarly, concerning family ties, the relevant section notes that where probation is an option under the Guidelines, "family ties and responsibilities that are met may be relevant in the determination of the length and conditions of supervision." Guidelines § 5H1.6.