Andrea K. George, Minneapolis, Minn., for appellant.

James E. Lackner and Paul B. Anderson, Minneapolis, Minn., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAM, Circuit Judge.

**UNITED STATES of America, Appellee,**

v.

**Gregory Virgil FALLIN, Appellant.**

**No. 91–1017.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1991.

Decided Sept. 23, 1991.

PER CURIAM.

Gregory Virgil Fallin appeals the sentence the district court imposed following the revocation of Fallin's supervised release. We affirm.

Following his escape conviction, *see* 18 U.S.C. § 751(a) (1988), Fallin was sentenced in January 1989 to six months confinement and two years supervised release, *see* U.S.S.G. § 2P1.1. In August 1990 a revocation hearing was held because Fallin violated the conditions of his supervised release. The district court extended Fallin's

supervised release by one year. *See* 18 U.S.C. § 3583(e)(2) (1988).

Fallin committed the identical violation of his supervised release as before, and in December 1990, the district court revoked Fallin's release. *See id.* § 3583(e)(3). Noting that Fallin had been "given a break" at his first revocation hearing, the court sentenced Fallin to serve in prison his two-year term of supervised release, with credit for time spent in custody on the supervised release violations. *Id.*

On appeal Fallin agrees revocation of his supervised release was appropriate; however, he contends the district court committed error in failing to consider the Sentencing Guidelines' policy statements concerning revocation of supervised release. *See* U.S.S.G. §§ 7B1.1–.4 (November 1990). Fallin relies on 18 U.S.C. § 3583(e), which directs the district court to consider various factors listed in 18 U.S.C. § 3553(a), including "any pertinent policy statement issued by the Sentencing Commission." *Id.* § 3553(a)(5). Essentially, Fallin complains the sentence imposed by the district court is greater than the recommended sentencing range set out in the policy statement's revocation table, U.S.S.G. § 7B1.4(a)(2).

 We agree the district court should have considered the policy statements in chapter seven of the guidelines when sentencing Fallin after the revocation of his supervised release. Any error resulting from the district court's oversight was harmless, however. Given Fallin's blatant defiance of the court-ordered terms of his supervised release, we believe the district court properly sentenced Fallin to an appropriate term of imprisonment within the statutory maximum. *See* 18 U.S.C. § 3583(e)(3); *see also United States v. Smeathers*, 930 F.2d 18, 19 (8th Cir.1991) (upholding sentence on revocation of supervised release that was longer than initial sentence). Thus, no useful purpose would be served by remanding Fallin's case to the district court for resentencing.

Accordingly, we affirm.