UNITED STATES of America, Appellee,

v.

Ida BERMUDEZ, Defendant–Appellant.

No. 1838, Docket 92–1236.

United States Court of Appeals, Second Circuit.

Argued July 13, 1992.

Decided Sept. 1, 1992.

Darrell B. Fields, New York City (The Legal Aid Society, Federal Defender Services Appeals Unit, of counsel), for defendant-appellant.

David C. James, Asst. U.S. Atty. E.D. New York, Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. E.D. New York, Peter A. Norling, Asst. U.S. Atty. E.D. New York, of counsel), for appellee.

Before: ALTIMARI, MAHONEY, and WALKER, Circuit Judges.

PER CURIAM:

On October 1, 1987, defendant-appellant Ida Bermudez pled guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. § 841 (1988 & Supp. II 1990). She was sentenced on December 22, 1987 to three years imprisonment and four years supervised release. Because Bermudez committed the offense on January 22, 1987, before the November 1, 1987 effective date of the Sentencing Guidelines, she was sentenced under pre-Guidelines law. She received a term of supervised release rather than special parole after her imprisonment because under applicable law, supervised release follows imprisonment for drug offenses committed after October 27, 1986. *See Gozlon v. Peretz,* —— U.S. ——, ——, 111 S.Ct. 840, 849, 112 L.Ed.2d 919 (1991); 21 U.S.C. § 841(b)(1)(C) (1988 & Supp. II 1990) (requiring supervised release in addition to imprisonment for specified narcotics offenses).

On February 17, 1988, Judge Bartels granted Bermudez' motion for a reduction of her sentence pursuant to Fed.R.Crim.P. 35, and reduced her sentence of imprisonment to eighteen months. On October 18, 1988, Bermudez was released from prison and placed on supervised release. The terms of her release required that she enter a drug treatment program.

On March 17, 1992, Judge Bartels issued a warrant for Bermudez' arrest for violating the terms of her supervised release by failing to report to her probation officer and by failing to receive drug treatment. At a hearing on April 16, 1992, Bermudez admitted the charges, and argument was held on sentencing.

■ The government requested a one-year term of imprisonment. Bermudez' counsel asked the court to apply the Guidelines policy statement applicable to violations of supervised release, under which her imprisonment range would be three to nine months. *See* U.S.S.G. § 7B1.4, p.s. Judge Bartels sentenced Bermudez to a one-year term of imprisonment "in accordance with the law that was in force in [19]87 at the time [she] committed this offense." He further imposed "an extension of supervision, pursuant to 18 U.S.C. [§] 3583(e)(3), of one year." This appeal followed.

We have recently held that 18 U.S.C. § 3583(e) does not authorize the imposition of a further term of supervised release after revocation of an initial term of supervised release and the imposition of a term of imprisonment. *United States v. Koehler,* 973 F.2d 132 (2d Cir.1992). Because that is precisely what occurred here, we must follow *Koehler,* vacate the sentence imposed upon Bermudez, and remand for resentencing.

■ Upon remand, the district court should reconsider Bermudez' sentence in accordance with the applicable Sentencing Guidelines. The Guidelines apply to all "offenses" committed after November 1, 1987. Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266 (1987), *codified at* 18 U.S.C. § 3551 note (Effective Date; Savings Provision) (1988 & Supp. II 1990); *United States v. Story,* 891 F.2d 988, 991 (2d Cir.1989). It seems clear that a violation of supervised release is, for this purpose, a separate "offense" from the

crime that led to the initial imprisonment that, in turn, preceded the supervised release. *See, e.g., United States v. Blackston,* 940 F.2d 877, 882 n. 7 (3d Cir.) ("Violation of supervised release is a separate offense...."), *cert. denied,* — U.S. —, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991); *United States v. Smeathers,* 930 F.2d 18, 19 (8th Cir.1991) (per curiam) (sentencing court properly focused on revocation conduct rather than original offense in imposing sentence); *United States v. Scroggins,* 910 F.2d 768, 770 (11th Cir.1990) (per curiam) (treating violation of supervised release as distinct from underlying crime).

Revocation or modification of supervised release is authorized by 18 U.S.C. § 3583(e), which requires the court to consider certain factors set forth in § 3553(a), including "the kinds of sentence and the sentencing range ... as set forth in the guidelines ... that are in effect on the date the defendant is sentenced" and "any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced." § 3553(a)(4), (5). Thus, on remand, the current Guidelines should be consulted in resentencing Bermudez.

■ Chapter 7 of the Guidelines Manual, dealing with violations of probation and supervised release, provides nonbinding "policy statements" to assist courts in sentencing. These policy statements "are advisory rather than mandatory in nature." *United States v. Lee,* 957 F.2d 770, 773 (10th Cir.1992). Courts should nonetheless take the policy statements into account when sentencing for a violation of supervised release. *See United States v. Headrick,* 963 F.2d 777, 782 (5th Cir.1992) (district court appropriately considered relevant policy statements); *United States v. Cohen,* 1992 WL 106940, at 3, 965 F.2d 58, 61 (6th Cir.1992) ("policy statements ... must be considered ... in rendering a sentence for a violation of supervised release"); *Lee,* 957 F.2d at 774 (same); *Blackston,* 940 F.2d at 893 (same); *see also United States v. Fallin,* 946 F.2d 57, 58 (8th Cir.1991) (per curiam) (policy statements "should" be considered).

In accordance with the foregoing, Bermudez' sentence is vacated and the case is remanded for resentencing consistent with this opinion.