**Edward CRUZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 94 Civ. 2386 (JES), S88 Cr. 608 (JES).**

United States District Court, S.D. New York.

Sept. 12, 1994.

Edward Cruz, pro se.

Mary Jo White, U.S. Atty., S.D.N.Y., for respondent; Dietrich L. Snell, Asst. U.S. Atty., New York City, of counsel.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner Edward Cruz, acting *pro se,* brings the above-captioned action pursuant to 28 U.S.C. § 2255 seeking to vacate the supervisory release portion of his sentence. In his petition, Cruz claims that the Court re-sentenced him in violation of 18 U.S.C. § 3583(e). For the reasons that follow, the petition is dismissed.

### BACKGROUND

In a memorandum opinion and order, dated October 11, 1988, this Court held that the United States Sentencing Guidelines (the "Guidelines") were unconstitutional and declined to rule upon their severability. See *United States v. Perez,* 696 F.Supp. 55 (S.D.N.Y.1988). On October 27, 1988, Edward Cruz pleaded guilty to one count of distributing cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 845a(a). On December 22, 1988, the Court, consistent with its view that the Guidelines were unconstitutional, declined to apply the Guidelines and sentenced Cruz to a suspended sentence, a five-year period of probation and a $50 special assessment.[1] Government Memoran-

---

1. The Sentencing Reform Act (the "Act"), Pub.L. No. 98–473, § 212(a)(2), 98 Stat.1987 (1984), repealed 18 U.S.C. § 3651, which had previously governed the suspension of sentence execution and probation. The Act adopted a new provision, codified at 18 U.S.C. § 3561, which autho-

dum of Law in Opposition ("Gov't Mem.") Exh. A, B. On or about January 13, 1989, the government filed a motion to correct the sentence.

On January 18, 1989, the United States Supreme Court upheld the constitutionality of the Guidelines in *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). On July 26, 1989, the Court vacated Cruz's original sentence and imposed a corrected sentence under the Guidelines. The Court re-sentenced Cruz to a fifty-five month term of imprisonment, a six-year term of supervised release and a $50 special assessment.[2] Gov't Mem.Exh. C, D. While the Court clearly re-sentenced Cruz in light of *Mistretta,* the Judgment and Commitment Order ("J & C Order"), dated July 26, 1989, erroneously reflects that he was re-sentenced based upon a violation of probation. *Id.* Exh. D.

## DISCUSSION

Relying solely upon the J & C Order, Cruz argues that the Court re-sentenced him for a violation of probation, revoked his original term of supervised release, and imposed a term of imprisonment and another term of supervised release in violation of 18 U.S.C. § 3583.[3] While it is clear that successive terms of supervised release are legally impermissible, *see United States v. Bermudez,* 974 F.2d 12, 13 (2d Cir.1992); *United States v. Koehler,* 973 F.2d 132, 133 (2d Cir.1992); *see also United States v. Malesic,* 18 F.3d 205, 208 (3rd Cir.1994) (collecting cases), the Court did not in fact re-sentence Cruz because of a violation of probation and did not revoke a prior term of supervised release. Thus, Cruz's argument must be rejected.

Prior to sentencing Cruz under the pre-Guidelines law, the Court recognized that he might have to be re-sentenced under the Guidelines:

> If the guidelines are ruled constitutional, I am going to have to resentence him anyway, and then we can address again what sentence would be appropriate. The guidelines requires a straight custodial sentence. I am not going to have a lot of discretion as to what sentence I impose. What I am saying may be academic if the guidelines are ruled constitutional and if the government pushes for a resentence, as they have a right to do.

Gov't Mem.Exh. A at 9. On March 8, 1989, the Court held a conference specifically to address the re-sentencing of Cruz under the Guidelines. *See* Government Supplemental Memorandum of Law in Opposition ("Gov't Supp.Mem.") Exh. 2. Although Cruz was unable to attend that conference because of a gunshot wound, *id.* at 4–5, the parties agreed that he would be re-sentenced as soon as his medical condition permitted, and that no appeal to and remand from the Second Circuit for that purpose would be necessary. *Id.* Exh. 3. On at least three occasions thereafter, the re-sentencing was adjourned due to the continuing physical incapacity of Cruz. *See* Gov't Mem.Exh. 4. However, when Cruz failed to appear for re-sentencing on the adjourned date of July 6, 1989, the Court issued a bench warrant for his arrest. *See* Gov't Supp.Mem.Exh. 5; Gov't Mem.Exh. C at 5.

Thereafter, Cruz was arrested by the State of New York on an unrelated matter and pursuant to a writ of habeas corpus *ad prosequendum,* he was re-sentenced on July 26,

---

rizes probation as an alternative to imprisonment for *certain less serious offenses.*

**2.** In re-sentencing Cruz under the Guidelines, the Court gave him credit for four months' time served. 18 U.S.C. § 3568.

**3.** In modifying or revoking a term of supervised release under 18 U.S.C. § 3583(e), a district court may:

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release . . .;

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . .;

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, . . .; *or*

(4) order the person to remain at his place of residence . . . .

18 U.S.C. § 3583 (emphasis added).

1989. *See* Gov't Supp.Mem.Exh. 6. It is significant that notwithstanding the subsequent arrest, the Probation Department did not initiate any violation of probation proceedings. *Id.* Exh. 7. Therefore, contrary to what is reflected in the J & C Order, the Court clearly re-sentenced Cruz under the Guidelines in light of *Mistretta,* and not for a violation of probation. *See, e.g., United States v. Colon,* 905 F.2d 580, 582 (2d Cir. 1990); *United States v. Rodriguez,* 892 F.2d 233, 234–35 (2d Cir.1989), *cert. denied,* 494 U.S. 1070, 110 S.Ct. 1791, 108 L.Ed.2d 792 (1990); *United States v. Concepcion,* 721 F.Supp. 493, 494–95 (S.D.N.Y.1989).

Accordingly, the J & C Order shall be corrected pursuant to Rule 36 of the Federal Rules of Criminal Procedure to accurately reflect his re-sentence under the Guidelines.[4] For the reasons set forth above, the Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**

---

4. Pursuant to Rule 36, the Court may correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission ... at any time and after such notice, if any, as the court orders." Fed.R.Crim.P. 36.