73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Edward WILLIAMS, Defendant-Appellant.
 No. 95-5196.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 30, 1995.
Decided: December 21, 1995.
 
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, WV, for Appellant. Rebecca A. Betts, United States Attorney, Stephanie D. Thacker, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Walter Williams appeals from the district court's order revoking his supervised release and sentencing him to a two-year term of imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Williams was served a copy of the brief and notified of his right to file a supplemental brief, which he failed to do. After a complete and independent review of the record, we affirm.
 
 
 2
 Williams pled guilty in March 1992 to possession of marijuana with intent to distribute, 21 U.S.C. Sec. 841(a)(1) (1988), and aiding and abetting distribution of marijuana, 18 U.S.C. Sec. 2 (1988). He was sentenced to one year imprisonment followed by a three-year term of supervised release. Williams' period of supervised release began on May 17, 1993.
 
 
 3
 In January 1995, the district court modified the terms of Williams' supervised release, placing him on home confinement for the duration of the three-year term. On February 17, 1992, Williams' probation officer filed a second petition seeking revocation of his supervised release because Williams had provided a urine sample which tested positive for methamphetamine, amphetamine, and THC metabolite. After an arrest warrant was issued, Williams absconded. He was apprehended six days later (on February 23). The United States Marshals found, in the car Williams was driving immediately prior to his arrest, a loaded .38 caliber handgun.
 
 
 4
 At the hearing on revocation of his supervised release, Williams did not deny violating the terms of his modified supervised release, including possession of a firearm. The district court sentenced Williams to twenty-four months, the maximum term of imprisonment under 18 U.S.C.A. Sec. 3583(e)(3) (West Supp.1995). Williams appeals.
 
 
 5
 Effective September 13, 1994, a district court is required to revoke supervised release and sentence a defendant to the term of imprisonment provided under 18 U.S.C.A. Sec. 3583(e)(3) where the defendant is found to have violated his supervised release by possessing a firearm or a controlled substance. 18 U.S.C.A. Sec. 3583(g) (West Supp.1995). The sentencing guidelines also provide for mandatory revocation of supervised release upon a finding of a Grade B violation, which includes possession of a firearm. United States Sentencing Commission, Guidelines Manual, Sec. 7B1.3 (Nov.1994). Section 3583(e)(3) provides that a defendant whose term of supervised release is revoked may be required to serve no more than two years in prison if the offense that resulted in the term of supervised release is a class C or D felony. Williams was convicted of a class D felony. See 18 U.S.C.A. Sec. 3559(a)(4) (West Supp.1995); 18 U.S.C. Sec. 841(b)(1)(D) (1988).
 
 
 6
 The guideline range provided in Chapter Seven is 12 to 18 months for a Grade B violation. USSG Sec. 7B1.4. However, this court has joined a number of other circuits which have held that, in connection with revocation of supervised release, the guidelines are advisory only and the district court is not bound to impose a sentence within the range. United States v. Davis, 53 F.3d 638 (4th Cir.1995); United States v. Hill, 48 F.3d 228 (7th Cir.1995); United States v. Sparks, 19 F.3d 1099, 1101 n. 3 (6th Cir.1994); United States v. Thompson, 976 F.2d 1380, 1381 (11th Cir.1992); United States v. Bermudez, 974 F.2d 12, 14 (2d Cir.1992); United States v. Headrick, 963 F.2d 777, 780 (5th Cir.1992); United States v. Lee, 957 F.2d 770, 773 (10th Cir.1992); United States v. Fallin, 946 F.2d 57, 58 (8th Cir.1991). Moreover, this court has held that a sentence of imprisonment imposed upon revocation of supervised release which is above the Chapter Seven range is not a departure, and therefore, the rules governing guideline departures are inapplicable. United States v. Denard, 24 F.3d 599, 602 (4th Cir.1994).
 
 
 7
 Accordingly, we affirm the district court's order revoking Williams' supervised release and sentencing him to two years imprisonment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED