**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4074

KENT NEAL,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-92-231)

Submitted: July 23, 1996

Decided: September 12, 1996

Before HALL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Kent Neal pled guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988). His final sentence was thirty-seven months imprisonment followed by a thirty-six month term of supervised release. His supervised release began on May 12, 1995.

On October 30, 1995, Neal appeared before the district court for a supervised release revocation hearing. The revocation petition alleged, and Neal admitted, that he engaged in disorderly conduct, resisting arrest, domestic battery, obstructing justice, and the excessive use of alcohol. The district court found that Neal had violated the conditions of his supervised release and placed him on home confinement for eight months as an additional condition of his supervised release.

On December 27, 1995, Neal's probation officer filed a second revocation petition alleging that Neal was arrested on December 25 and charged with committing a crime, and that Neal used excessive alcohol on December 25. At his revocation hearing, Neal did not contest the charged violations of his supervised release. The district court found that Neal was guilty of a Grade C violation and his criminal history category was VI. Thus, the court found that his sentencing guideline range was eight to fourteen months, with a statutory maximum of twenty-four months.

Neal argued that because he had only committed a Grade C violation his conduct did not warrant the statutory maximum sentence. However, the court, sua sponte, noted that it had received information from Neal's probation officer that Neal had used physical violence and made threats against his girlfriend. Notice that the district court was aware of this information had not been provided to Neal prior to the revocation hearing as required pursuant to Fed. R. Civ. P.

2

32.1(a)(2). Neal's counsel argued that he was not prepared to defend Neal with regard to this information. Nonetheless, the court allowed the Government to call Neal's probation officer to testify about Neal's violent conduct.

The district court revoked Neal's supervised release and sentenced him to twenty-four months incarceration, the statutory maximum, pursuant to 18 U.S.C.A. § 3583(e)(3) (West Supp. 1996). Neal timely appealed.

On appeal, Neal claims that the district court improperly imposed the statutory maximum sentence of twenty-four months based on findings that Neal engaged in acts of physical violence against his girlfriend. However, neither the revocation petition nor the accompanying memorandum contained any allegations as to this conduct. Thus, Neal alleges that he was denied the notice of charges and disclosure of evidence required by Fed. R. Crim. P. 32.1(a)(2)(A), (B) when the court allowed the probation officer to testify to instances of physical violence by Neal.

Even assuming the court violated the Rule 32.1 notice requirement at Neal's revocation hearing, he has not established prejudice. The sentencing guidelines provide that a court may revoke supervised release upon a finding of a Grade C violation. United States Sentencing Commission, Guidelines Manual, § 7B1.3, p.s. (Nov. 1995). Neal admitted committing a Grade C violation of his supervised release. Section 3583(e)(3) provides that a defendant whose term of supervised release is revoked may be required to serve no more than two years in prison if the offense that resulted in the term of supervised release is a class C or D felony, which includes Neal's offense. See 18 U.S.C.A. § 3559(a)(3) (West Supp. 1996); 21 U.S.C. § 841(a)(1) (1988).

The guideline range provided in Chapter Seven is eight to fourteen months for a Grade C violation and a Criminal History Category VI. USSG § 7B1.4, p.s. However, this court has joined a number of other circuits which have held that, in connection with revocation of supervised release, the guidelines are advisory only and the district court is not bound to impose a sentence within the range. United States v. Davis, 53 F.3d 638 (4th Cir. 1995); United States v. Hill, 48 F.3d 228

3

(7th Cir. 1995); United States v. Sparks, 19 F.3d 1099, 1101 n. 3 (6th Cir. 1994); United States v. Thompson, 976 F.2d 1380, 1381 (11th Cir. 1992); United States v. Bermudez, 974 F.2d 12, 14 (2d Cir. 1992); United States v. Headrick, 963 F.2d 777, 780 (5th Cir. 1992); United States v. Lee, 957 F.2d 770, 773 (10th Cir. 1992); United States v. Fallin, 946 F.2d 57, 58 (8th Cir. 1991). Moreover, this court has held that a sentence of imprisonment imposed upon revocation of supervised release which is above the Chapter Seven range is not a departure, and therefore, the rules governing guideline departures are inapplicable. United States v. Denard, 24 F.3d 599, 602 (4th Cir. 1994).

Neal does not show that the district court placed any special reliance on the probation officer's testimony about Neal's physical violence towards his girlfriend to sentence him to twenty-four months incarceration. Assuming that the court should not have allowed this testimony, Neal's numerous other violations were sufficient to support the district court's order. See United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968). The court's sentence reflected the serious nature of Neal's violations. The sentence was also appropriate considering that the court had previously exercised leniency when Neal violated the conditions of his supervised release by placing him on home confinement instead of revoking his supervised release. The district court did not, therefore, abuse its discretion in revoking Neal's supervised release and sentencing him to twenty-four months incarceration. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (stating standard of review).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4