**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 95-5976

ALFRED JOHN SAULSGIVER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CR-90-83)

Submitted: January 23, 1997

Decided: February 5, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary F. Kelly, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, S. David Schiller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals the district court's order revoking his supervised release and sentencing him to twenty-four months in prison. Appellant charges that the district court improperly departed upwardly from the revocation guideline range and failed to consider his psychiatric condition as a ground for downward departure. We find no error; consequently, we affirm.

Appellant's guideline range at the time of his initial sentence was forty-one to fifty-one months in prison. Later, the district court granted the government's motion for a reduction in sentence due to Appellant's substantial assistance to the government, and his sentence was reduced to twenty months in prison. Appellant's twenty-four month sentence for violating the terms of supervised release falls below the maximum of the original guideline range and therefore is not the result of an upward departure even though it exceeds the six to twelve month range determined under the probation revocation table in United States Sentencing Commission, Guidelines Manual, § 7B1.4 (Nov. 1994). United States v. Alli , 929 F.2d 995, 998-99 (4th Cir. 1991). Moreover, this court has joined a number of other circuits that have held that, in connection with revocation of supervised release, the guidelines are advisory only and the district court is not bound to impose a sentence within the range. United States v. Davis, 53 F.3d 638, 640 (4th Cir. 1995); United States v. Hill, 48 F.3d 228, 230-32 (7th Cir. 1995); United States v. Sparks , 19 F.3d 1099, 1101 n.3 (6th Cir. 1994); United States v. Thompson , 976 F.2d 1380, 1381 (11th Cir. 1992); United States v. Bermudez, 974 F.2d 12, 14 (2d Cir. 1992); United States v. Headrick, 963 F.2d 777, 780 (5th Cir. 1992); United States v. Lee, 957 F.2d 770, 773 (10th Cir. 1992); United States v. Fallin, 946 F.2d 57, 58 (8th Cir. 1991). To the extent that Appellant argues that the district court should have awarded a downward departure for his psychiatric condition, this court generally does not review a district court's decision not to depart. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990).

For these reasons, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are ade-

quately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3