09-0622-cr
USA v. Harper

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirty-first day of March two thousand and ten.

PRESENT:

JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
      *Circuit Judges*,
EVAN J. WALLACH,
      *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      *Appellee*,

   v.                                     No. 09-0622-cr

MICHAEL HARPER,

      *Defendant-Appellant*,

SHEENA DELOACHE RAY, also known as SHEENA DELOCHE HARPER, JAMES RAY, MARIETTA BIRD,

      *Defendants.***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**    DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT.

---

\* The Honorable Evan J. Wallach of the United States Court of International Trade, sitting by designation.

\*\* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

**FOR DEFENDANTS-APPELLEES:**           WILLIAM CAMPOS, Assistant United States Attorney (Benton J. Campbell, United States Attorney, Susan Corkery, Assistant United States Attorney, and Richard T. Lunger, Assistant United States Attorney, *on the brief*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause is **REMANDED**.

Defendant-appellant Michael Harper ("Harper" or "defendant") appeals from a judgment of the District Court entered November 7, 2008 revoking his supervised release and sentencing him to a term of 24 months' imprisonment followed by an additional year of supervised release.   The District Court's revocation order was based on Harper's violation of his supervised release in 1995. On appeal, defendant argues: (1) that the District Court lacked jurisdiction to revoke his supervised release because his term of supervised release had already expired and was not revoked within a period "reasonably necessary for the adjudication of matters arising before its expiration" as required by 18 U.S.C. § 3583(i)[1]; (2) that the District Court lacked the authority to impose an additional term of supervised release because it had imposed the maximum term of imprisonment allowable by statute; and (3) that the District Court failed to consider properly the 18 U.S.C. § 3553 factors as required by 18 U.S.C. § 3583(e).  We assume the parties' familiarity with the remaining factual and procedural history of the case.

I.        **The District Court's Jurisdiction to Revoke Harper's Supervised Release**

Harper contends that his term of supervised release expired in August 1996 and that, pursuant to 18 U.S.C. § 3583(i), *see* note 1, *ante*, the District Court was thereafter authorized to revoke his supervised release only for a period of time "reasonably necessary" for the adjudication of matters that arose before its expiration.  He argues that the 12 year delay between the termination of his supervised release and the District Court's revocation was not "reasonably necessary."

---

[1] This subsection provides as follows:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i).

Defendant's argument is misplaced because his term of supervised release has not expired and, therefore, 18 U.S.C. § 3583(i) was not implicated by the District Court's revocation. Under 18 U.S.C. § 3624(e), "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e)[2]; *see United States v. Balogun*, 146 F.3d 141, 146 (2d Cir. 1998) (noting that "[s]ection 3624(e) . . . contains an express provision for the tolling or interruption of the supervised-release period of a defendant who, for a not insubstantial time, is returned to prison"). Although there is some dispute as to when Harper's three years of supervised release commenced,[3] even by defendant's own calculation the earliest that his term of supervised release could have expired is August 1996. In August 1995, however, Harper was arrested for robbery and possession of illegal drugs in violation of New York law. After pleading guilty in a New York court, he was sentenced for those crimes in June 1996—two months *before* his term of supervised release would have expired—to a term of 10 to 20 years' imprisonment. Harper remains incarcerated on those convictions to this day. Consequently, defendant's federal supervised release has been tolled since June 1996 and has not yet expired. *See* 18 U.S.C. § 3624(e); *Balogun*, 146 F.3d at 146. Because his term of supervised release never expired, the District Court had full authority to revoke it in 2008.

## II.     The District Court's Authority to Impose an Additional Term of Supervised Release

Defendant next argues that, even if the District Court had jurisdiction to revoke his supervised release, it had no authority to impose an additional term of supervised release because it imposed the maximum term of imprisonment. There is no dispute that the version of 18 U.S.C.

---

[2] This subsection provides in full as follows:

A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. Upon the release of a prisoner by the Bureau of Prisons to supervised release, the Bureau of Prisons shall notify such prisoner, verbally and in writing, of the requirement that the prisoner adhere to an installment schedule, not to exceed 2 years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner, and of the consequences of failure to pay such fines under sections 3611 through 3614 of this title.

18 U.S.C. § 3624(e).

[3] Defendant maintains that it commenced in August 1993 when he was released from federal custody. The government asserts that defendant was released in February 1995 because, upon completion of his federal sentence, Harper was transferred directly into state custody for a violation of his parole conditions. Because his term of supervised release never expired in either event, we need not resolve this dispute.

3

§ 3583(e)(3) in effect at the time of Harper's original offense in 1991 applies here.[4] In *Johnson v. United States*, 529 U.S. 694, 712-13 (2000), the Supreme Court held that that version of § 3583(e) permits District Courts revoking supervised release to impose reimprisonment *and* an additional term of supervised release. *Id.* at 707 (interpreting the statute to allow "any balance [of revoked supervised release] not served in prison . . . to be served out as supervised release."). Defendant nevertheless maintains that an additional term of supervised release is not permissible if the District Court imposes the maximum term of imprisonment allowable by statute, as the District Court did here.

In 1994, Congress amended 18 U.S.C. § 3583 to impose the very limitation defendant asks us to read into the 1991 version.[5] Defendant argues that the plain language of the 1991 version of 18 U.S.C. § 3583(e)(3), the legislative history of the statute's subsequent amendment, and United States Sentencing Guideline ("U.S.S.G.") § 7B1.3(g)(2),[6] which was in effect in 1991, all support his construction of the statute. We disagree.

First, we find nothing in the plain language of the statute or the Supreme Court's interpretation of it that suggests that the District Court's authority to impose an additional term of supervised release is limited if the maximum term of imprisonment authorized by statute is imposed. The statute's express limitation on the term of *imprisonment* that a defendant can receive in no way limits the District Court's ability to impose additional *supervised release*. *See* 18 U.S.C. § 3583(e)(3) (1988, Supp. V) ("[A] person whose term is revoked under this paragraph may not be required to

---

[4] This subsection provided as follows:

[The court may] revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve on any such revocation more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony . . . .

18 U.S.C. § 3583(e)(3) (1988, Supp. V).

[5] Specifically, Congress enacted 18 U.S.C. § 3583(h), which provided, in relevant part, as follows:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment *that is less than the maximum term of imprisonment authorized under subsection (e)(3)*, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.

18 U.S.C. § 3583(h) (1994) (emphasis added).

[6] This Guideline provided as follows: "Where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment." U.S.S.G. § 7B1.3(g)(3) (effective Nov. 1, 1990).

serve on any such revocation more . . . than 2 years in prison if the offense was a Class C or D felony . . . ."); *Johnson*, 529 U.S. at 712-13 ("Section 3583(e)(3) limits the possible prison term to the duration of the term of supervised release originally imposed. . . . The new prison term is limited further according to the gravity of the original offense. *See* § 3583(e)(3). But nothing in these specific provisions suggests that the possibility of supervised release following imprisonment was meant to be eliminated.").

Second, whatever may be the value of legislative history in interpreting statutes, allowing the legislative history of a *later* amendment to inform our understanding of an *earlier* version of the law would be wholly inappropriate here. If anything, the fact that Congress amended 18 U.S.C. § 3583 in 1994 to limit the District Court's authority to impose additional supervised release suggests that no such limitation existed under the prior version of the statute.

Finally, the fact that the United States Sentencing Guidelines in effect at the time of defendant's offense embodied the limitation he argues for does not change our analysis. Notably, the provision that defendant relies on, U.S.S.G. § 7B1.3(g)(2) (effective Nov. 1, 1990), is not in fact a "Guideline" but rather a "policy statement" that was never intended to have the force of law. *See* U.S.S.G. ch. 7, pt. A, introductory cmt. 1 (effective Nov. 1, 1990) (explaining that, "[a]t this time, the Commission has chosen to promulgate policy statements only"). Such policy statements were not binding on district courts even in the era when formal Guidelines were. *See United States v. Bermudez*, 974 F.2d 12, 14 (2d Cir. 1992) ("Chapter 7 of the Guidelines Manual, dealing with violations of probation and supervised release, provides *nonbinding* 'policy statements' to assist courts in sentencing. These policy statements are advisory rather than mandatory in nature." (emphasis added) (some internal quotation marks omitted)), *abrogated on other grounds by Johnson*, 529 U.S. 694. Accordingly, there is no basis for concluding that U.S.S.G. § 7B1.3(g)(2) limited the District Court's *statutory* authority to impose the maximum term of imprisonment and an additional term of supervised release.[7]

## III. The District Court's Consideration of the 18 U.S.C. § 3553(a) Factors

Defendant's final argument is that the District Court misunderstood the sentencing factors it was required to consider pursuant to 18 U.S.C. § 3553(a). In particular, defendant argues that, in considering the need to avoid unwarranted sentencing disparities between similarly situated defendants pursuant to 18 U.S.C. § 3553(a)(6), Judge Platt failed to appreciate that he was sentencing Harper for a violation of supervised release and not for his underlying crimes. Defendant's argument is based on Judge Platt's statement that Harper's criminal record placed him in the

---

[7] It is notable that, at defendant's revocation hearing, defense counsel argued that his additional term of federal imprisonment should run concurrent with the state sentence he was then serving. Yet, by defendant's logic, the District Court would have been without authority to impose a concurrent sentence because, in 1991, the Sentencing Guidelines provided that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . ." U.S.S.G. § 7B1.3(f) (effective Nov. 1, 1990).

Sentencing Guidelines Criminal History Category V and that "I don't think the probation department's request at all—I'm amazed that—we've been through cases, category five and category six, and life sentences are imposed." J.A. 38.

We take a "deferential approach" to whether a sentencing judge properly considered the factors required by 18 U.S.C. § 3553(a). *See United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *Id.* at 100.

Here, Judge Platt's statement about defendants receiving life sentences suggests that he may have misunderstood the applicable sentencing range. The sentence imposed—two years' imprisonment followed by an additional year of supervised release—was the maximum sentence authorized by statute, and similarly situated defendants would be subject to no greater penalty. Yet, at the revocation hearing, Judge Platt made reference to other defendants receiving life sentences. Without some explanation for that statement, we cannot be certain that the sentence imposed did not rest on a misunderstanding of the applicable law. Although we are satisfied that Harper's sentence was authorized by law, we cannot, on this record, conclude that the District Court properly considered the need to avoid unwarranted sentence disparities with defendants who are truly similarly situated (*i.e.*, defendants facing revocation of supervised release). Accordingly, we vacate the District Court's judgment and remand for resentencing.

## CONCLUSION

To summarize, we hold that:

(1)     The District Court had jurisdiction to revoke defendant's sentence;

(2)     the District Court had the authority to impose its assigned sentence; and

(3)     on this record, we cannot be certain that the District Court properly considered the need to avoid unwarranted sentence disparities as required by 18 U.S.C. § 3553(a)(6).

For the foregoing reasons, the judgment of the District Court is **VACATED** and the cause is **REMANDED** for resentencing consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court



6