**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerald Thomas SCHRAM, Defendant–**
**Appellant. (Three Cases)**

**Nos. 92–30023, 92–30028 and 92–30029.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 1993 *.

Decided July 22, 1993.

As Amended Dec. 9, 1993.

---

* The panel unanimously found this case suitable for decision without oral argument. Fed.R.App. P. 34(a); Ninth Cir. R. 34–4.

742

John P. Daugirda, Roost & Daugirda, Eugene, OR, for defendant-appellant.

Gary Y. Sussman, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: GOODWIN, FARRIS, and THOMPSON, Circuit Judges.

FARRIS, Circuit Judge:

Gerald Thomas Schram appeals his sentence, which was imposed following the revocation of his supervised release. Schram argues that his sentence was imposed in violation of the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). We affirm.

I.

On April 11, 1988, Schram pled guilty to one count of unarmed bank robbery. 18 U.S.C. § 2113(a) (1988). He was sentenced to 37 months imprisonment and three years of supervised release. During his term of supervised release, Schram committed bank robberies in Idaho and Oregon. In connection with those offenses, Schram pled guilty to two counts of unarmed bank robbery and was sentenced, as a career offender, to two 170–month concurrent terms of incarceration.

Following Schram's guilty pleas to the new charges, the district court revoked Schram's supervised release and committed him to the custody of the Bureau of Prisons for an 18–month term to run consecutively to the 170–month sentences. The district court applied the policy statements contained in Chapter 7 of the 1990 Sentencing Guidelines, even though those policy statements did not become effective until after Schram had been sentenced to supervised release.

II.

Schram argues that the district court erred by failing to sentence him in accordance with the sentencing guidelines in effect at the time of the offense that gave rise to the imposition of the term of supervised release. We reject the argument.

■ "Normally, a district court is to apply the version of the Sentencing Guidelines in effect on the date of sentencing." *United States v. Warren*, 980 F.2d 1300, 1304 (9th Cir.1992). The same rule obtains for policy statements. *See United States v. Baclaan*, 948 F.2d 628, 630 n. 1 (9th Cir.1991); 18 U.S.C. § 3553(a)(5) (1988). We have recognized an exception to this rule "in cases where amended versions of the Sentencing Guidelines are ex post facto." *Warren*, 980 F.2d at 1304. In such cases, a defendant is to be sentenced in accordance with the guidelines in effect at the time of the "offense." *Id.* (citing *United States v. Sweeten*, 933 F.2d 765, 772 (9th Cir.1991)).

■ Two elements are critical to a finding that a penal law is ex post facto: "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981) (footnote omitted).

At the time Schram was sentenced for the first bank robbery, the Guidelines were silent as to whether any sentence imposed upon revocation of supervised release was to run concurrently with or consecutively to a sentence imposed for a new criminal offense. The applicable sentencing statutes left that decision to the discretion of the district court. *See* 18 U.S.C. § 3583(e)(4) (Supp. V 1987) (current version at 18 U.S.C. § 3583(e)(3) (1988)); 18 U.S.C. § 3584(a), (b) (1988 & Supp. V 1987).

Chapter 7 of the Sentencing Guidelines was amended effective November 1, 1990. U.S.S.G. App. C, Amendment 362. Section 7B1.3(f), p.s., as amended, provides that "any term of imprisonment imposed upon the revocation of … supervised release shall be ordered to be served consecutively to any

sentence that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3, p.s. (Nov. 1990). The district court sentenced Schram to the 18–month term after considering this section and U.S.S.G. § 7B1.4, p.s., which sets forth a range of imprisonment applicable upon revocation of supervised release.

 The district court did not err. Sections 7B1.3 and 7B1.4 were amended before Schram violated the terms of his supervised release. They were not applied "retroactively" because they were not applied to conduct completed prior to their enactment. *See Weaver*, 450 U.S. at 29, 101 S.Ct. at 964. Application of these sections did not " 'make more burdensome the punishment for a crime, after its commission. . . .' " *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925)).[1]

### III.

In order to agree with Schram that the application of the 1990 Sentencing Guidelines violated the Ex Post Facto Clause, we would have to conceive of his violation of the conditions of his supervised release as an offense indistinguishable from the criminal conduct that led to the imposition of supervised release.[2] Only under such a conception could we view the application of those guidelines as an application of a penal law to conduct that preceded its enactment.

 In *United States v. Bermudez*, 974 F.2d 12 (2d Cir.1992), the Second Circuit confronted an analogous issue. Bermudez was sentenced to supervised release prior to the effective date of the Sentencing Guidelines. Subsequent to the effective date, Bermudez was arrested for violating the terms

of her release. After vacating her sentence on other grounds, the court held that upon remand the sentencing court should consult the current guidelines, including the pertinent policy statements. *Id.* at 14. The court held that a violation of supervised release is, for the purposes of determining the applicable version of the Sentencing Guidelines, an offense separate from the offense that led to the initial imprisonment and imposition of supervised release. *Id.* at 13–14. We agree. The Ex Post Facto Clause was not violated.

AFFIRMED.

---

1. *Collins* addressed the Ex Post Facto Clause of Article I, Section 10 of the Constitution, which prohibits *the States* from enacting ex post facto laws. Schram challenges his sentence under Article I, Section 9, Clause 3, which is not so circumscribed. This "distinction", however, is without significance. *Collins* applies with full force in the present context.

2. We would also have to hold that policy statements are "laws" within the meaning of the Ex

Post Facto Clause. Neither party briefed nor argued this issue. We decline to address it. We assume, for purposes of this appeal only, that policy statements are "laws" within the meaning of the Clause. *But cf. Smith v. U.S. Parole Com'n*, 875 F.2d 1361, 1366–68 (9th Cir.1989) (holding that retroactive amendment of a discretionary policy of the Parole Commission does not implicate the Clause).