21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth RICHMOND, Defendant-Appellant.
 No. 93-10375.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1994.*
Decided April 14, 1994.
 
 1
 Before: ALDISERT,** WIGGINS, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 FACTS
 
 3
 In 1987, Kenneth Richmond ("Appellant") pleaded guilty to possession of cocaine base with intent to distribute, and was given a sentence including a term of special parole. Supervised release was later substituted for the special parole. In 1993, he was found to have violated the terms of his supervised release. At the sentencing hearing, the district court was of the opinion that the sentence was not "covered by" the United States Sentencing Guidelines because the original sentence was imposed before the effective date of the Guidelines. Neither Appellant nor the Government contested this assumption, but Appellant urged the court to apply the recommendations of the policy statement at Sec. 7B1.4 of the Guidelines "by analogy." The court considered the recommended sentence, but considered it insufficient. The court stated "I don't think that a three- to nine-month sentence is really adequate. I think Mr. Richmond needs to learn a lesson: ... that he's got to do what he's supposed to do, and that is to comply with the provisions of the law and to be honest with the probation department." Appellant was sentenced to two years imprisonment, as recommended by the probation department, for violation of the terms of his supervised release.
 
 ANALYSIS
 
 4
 Appellant appeals the district court's imposition of a sentence greater than that recommended by the policy statement at Sec. 7B1.4 of the Sentencing Guidelines. The central issue is whether that policy statement limits the discretion of the district court such that it must, absent a formal departure, sentence within the recommended range. That question was recently decided by another panel of this court. United States v. Forrester, No. 93-10137, --- F.3d ----, 1994 WL 97458 1994 U.S.App. LEXIS 5442 (9th Cir. March 25, 1994), held that Sec. 7B1.4 is not binding on the sentencing court, although it must be considered. See also United States v. Levi, 2 F.3d 842, 845 (8th Cir.1993). In this case, the district court expressly considered, and declined to sentence within, the range suggested by Chapter Seven. Given the district judge's consideration of the sentence suggested by the policy statement, he had discretion to sentence as he thought appropriate.
 
 
 5
 The district court apparently was under the impression that none of the Sentencing Guidelines applied because Appellant was originally sentenced before the effective date of the Guidelines. That conclusion was incorrect. "[A] violation of supervised release is, for the purposes of determining the applicable version of the Sentencing Guidelines, an offense separate from the offense that led to the initial imprisonment and imposition of supervised release." United States v. Schram, 9 F.3d 741, 743 (9th Cir.), cert. denied, 114 S.Ct. 482 (1993), amended (Dec. 9, 1993); see also United States v. Bermudez, 974 F.2d 12 (2d Cir.1992). Appellant contends that he is entitled to resentencing because of the district court's mistake.
 
 
 6
 The district court believed that it could sentence outside the range recommended by Sec. 7B1.4. That was the correct conclusion, but for the wrong reason. The district court's error could not have prejudiced Appellant because the district court exercised discretion in a manner fully consistent with the Guidelines, as properly interpreted. If misapplication of the Sentencing Guidelines did not affect the district court's choice of sentence, the error is harmless and remand is not required. United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992); see also Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992). In this case, the district court sentenced Appellant to the term it thought, in its unfettered discretion, appropriate. Because Chapter Seven imposes no further limitations on the sentencing court's discretion, the district court's (and the parties') mistake about the general applicability of the Guidelines is harmless and does not merit remand.
 
 
 7
 We affirm the district court because it imposed a sentence within its discretion. Remand is not warranted just to force the court to give a slightly different explanation for the sentence it felt was appropriate.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3