26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rebecca Lynn SCOTT, Defendant-Appellant.
 No. 93-30182.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1994.
Decided May 18, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Rebecca Lynn Scott appeals from the district court's order revoking her term of supervised release and imposing a 24-month sentence on the grounds that the evidence was insufficient to establish a supervised release violation and that the district court failed to properly consider evidence of duress and coercion as either a defense to forgery or as a reason for downward departure from the applicable sentencing guidelines. We affirm.
 
 I.
 
 4
 Violation of the "No New Offense" Provision and the Duress
 
 Defense
 
 5
 The district court's decision to revoke supervised release is reviewed for abuse of discretion. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991); United States v. Tham, 884 F.2d 1262, 1264 (9th Cir.1989) (applying abuse of discretion standard to decision to revoke probation).
 
 
 6
 The evidence introduced by the government at the hearing--the police report--establishes by a preponderance of the evidence that Scott, along with Wolfe, attempted to negotiate a forged check at one bank and successfully completed a similar fraudulent transaction at another bank. Defendant admitted her role in helping Wolfe pass the forged checks and admitted she was guilty of passing forged checks. At the very least, Scott's conduct constituted aiding and abetting Wolfe in committing first degree forgery under Oregon law (Or.Rev.Stat. Sec. 165.013(1)(c)) and bank fraud under federal law (18 U.S.C. Sec. 1344), both of which are felonies.
 
 
 7
 Scott's asserted defense to this conduct is coercion and duress. The duress defense has three elements: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir.1984).
 
 
 8
 The evidence presented at the hearing is void of any claims that at the time the forgeries were committed, Scott was under the threat of imminent injury or death. There was no testimony that Wolfe threatened to harm Scott if she did not go along with the scheme. Similarly, Scott did not put on proof that she had no reasonable opportunity to avoid the whole situation all together. Scott only stated to the officers at the time of her arrest, however, that "she was afraid not to go along with [Wolfe] because he becomes violent." On this record, Scott has not made out a prima facie defense of duress. The district court was correct in denying the duress defense.[1]
 
 II.
 
 9
 Downward Departure from the Sentencing Guidelines
 
 
 10
 Scott argues the district court should have considered the duress and coercion guideline which permits a district court to decrease a defendant's sentence below the guideline range because of serious coercion or duress. U.S.S.G. Sec. 5K2.12. Scott further claims the district court was required to make written findings on this issue.[2]
 
 
 11
 18 U.S.C. Sec. 3583(e) provides that the district court is to consider 18 U.S.C. Sec. 3553(a)(5) before revoking a term of supervised release. Section 3553(a)(5) requires a sentencing court to consider any pertinent policy statement issued by the Sentencing Commission in effect on the date the defendant is sentenced.
 
 
 12
 The Sentencing Guidelines make it clear that the district court has discretion to make a downward departure for serious duress and coercion; it is not mandatory. The district court's decision not to depart downward is generally not subject to review on appeal, United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990), unless the district court erroneously believed it had no discretion to depart, United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991).
 
 
 13
 Although the district court did not specifically state in its oral or written findings that it had considered the duress factor as a reason for downward departure and had decided not to depart, the oral findings show the court had given consideration to Scott's situation with her husband. The district court "has no obligation affirmatively to state that it has authority to depart when it sentences within the guideline range instead of departing." Rather, this Court "will assume that the district court knows and applies the law correctly, realizes that it does have the authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." "The court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991). There is no indication that the district court believed it lacked jurisdiction to depart, or that it otherwise committed error when it did not specifically state it was not giving a downward departure for duress. Since the district court's sentence is otherwise unassailable, this Court does not review the sentence imposed on Scott. Morales, 898 F.2d at 103.
 
 III.
 
 14
 Government's Motion to Strike Portions of Scott's Reply
 
 Brief
 
 15
 In her reply brief, Scott continued to assert that the burden of proof in this case should be beyond a reasonable doubt because this Court in United States v. Schram, 9 F.3d 741 (9th Cir.1993), held that a supervised release violation is a separate offense for ex post facto purposes. Following on that logic, Scott in a footnote asserted that because the forgeries were to be considered "separate offenses," she should have received the right to trial by jury. Reply Brf, at 3, n. 1. The government moved to strike this footnote because it raised an issue not properly raised below or in Scott's opening brief. Trial by jury is not included among the due process requirements set out in Morrissey, supra. The motion is granted.
 
 
 16
 Scott also raised for the first time in her Reply Brief an ineffective assistance of counsel argument. Scott's argument is of no consequence. Even if this Court were to find a waiver of the right to request downward departure, the government has the better argument that the ineffective assistance issue is best left to collateral attack under 28 U.S.C. Sec. 2255 because the record here is devoid of any evidence on this issue.
 
 
 17
 The government's motion to strike is GRANTED. The decision of the district court is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate or publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Scott also claims the district court erred in not making written findings of fact on the duress defense because procedural due process required the district court to produce a written statement as to the evidence relied on and reasons for revoking her supervised release. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Because we hold that on the record Scott has not made out a prima facie showing of duress, we do not address this issue
 
 
 [2]
 The government claims Scott waived her right to request downward departure based on coercion and duress because she did not do so below and cites United States v. Quesada, 972 F.2d 281 (9th Cir.1992), cert. denied, Quesada v. United States, 113 S.Ct. 1348, 122 L.Ed.2d 729, 61 USLW 3584 (1993). Quesada is readily distinguishable. The factors raised at the appellate level in Quesada were apparently not raised at all at the sentencing level. In contrast, the only controverted issue in this case was the duress factor. Appellant did not waive her argument