48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos SANCHEZ-BONILLA, Defendant-Appellant.
 No. 94-10397.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Sanchez-Bonilla appeals the consecutive sentence imposed for violating his supervised release. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 In December 1993, Sanchez-Bonilla was convicted of illegal re-entry after deportation subsequent to a felony conviction, in violation of 8 U.S.C. Sec. 1326(b)(1). The court sentenced him to 8 months in custody and 3 years of supervised release. As a condition of supervised release, he was ordered not to re-enter the United States without INS permission. He was released from custody and deported in March 1994. He re-entered the United States without permission on April 13, 1994 and was immediately arrested. He was charged with violating 8 U.S.C. Sec. 1326(b)(1). A petition to revoke his supervised release was also filed.
 
 
 4
 On May 11, 1994, pursuant to a plea agreement, he pleaded guilty to violating Sec. 1326(b)(1). The plea agreement provided that the government would recommend a 4- to 10-month sentence if the court imposed a consecutive sentence upon the revocation of supervised release, or a sentence within the Guidelines range of 15 to 21 months if the court imposed a concurrent sentence for violation of supervised release. In consolidated sentencing proceedings, the court imposed a 10-month custodial sentence for the 1994 conviction and a consecutive 7-month sentence for violating the conditions of supervised release. In imposing these sentences, the court departed downward from the Guidelines range for the 1994 conviction and rejected the suggested 12 to 18 months range for the violation of supervised release.
 
 
 5
 Sanchez-Bonilla argues that the court erred by ordering the sentences to be served consecutively because: (1) U.S.S.G. Sec. 7B1.3(f), which directs the sentencing court to impose consecutive sentences upon revocation of supervised release, is merely advisory, and does not deprive the sentencing court of discretion to impose a concurrent sentence; (2) 18 U.S.C. Sec. 3584(a) creates a presumption that sentences imposed at the same time should run concurrently, and therefore Sec. 7B1.3(f) is in conflict with the statute; and (3) the imposition of consecutive sentences was the equivalent of an upward departure, and was improper because no circumstances warranting an upward departure were identified.
 
 
 6
 We review de novo the district court's interpretation of both statutes and the Guidelines. United States v. Fulton, 987 F.2d 631, 632 (9th Cir.1993) (Guidelines); United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992) (statutes).
 
 
 7
 The Sentencing Commission has issued a policy statement recommending that sentences imposed upon revocation of supervised release run consecutively. U.S.S.G. Sec. 7B1.3(f) and comment. (n. 5) (1994); see United States v. Schram, 9 F.3d 741, 742-43 (9th Cir.), cert. denied, 114 S.Ct. 482 (1993). This policy statement is advisory, not mandatory. United States v. Forrester, 19 F.3d 482, 484 (9th Cir.1994). Despite Guidelines policies regarding consecutive or concurrent sentences, a sentencing court retains the discretion under 18 U.S.C. Sec. 3584(a) to impose a concurrent or consecutive sentence. United States v. Lail, 963 F.2d 263, 264 (9th Cir.1992); United States v. Wills, 881 F.2d 823, 826 (9th Cir.1989). However, in deciding whether to order a sentence to be served concurrently or consecutively, the district court must consider the policy statements. Forrester, 19 F.3d at 484. The court must also consider the sentencing factors listed in 18 U.S.C. Sec. 3553(a). See 18 U.S.C. Sec. 3584(b); United States v. Conkins, 9 F.3d 1377, 1385 (9th Cir.1993).
 
 
 8
 Thus, Sanchez-Bonilla is correct that U.S.S.G. Sec. 7B1.3(f) is not binding on the sentencing court, but he misconstrues 18 U.S.C. Sec. 3584(a). The statute provides that "[m]ultiple terms of imprisonment imposed at the same time run concurrently unless the court orders or statute mandates that the terms are to run consecutively." It authorizes the sentencing court to impose consecutive or concurrent sentences, unless a consecutive sentence is required by statute. See Conkins, 9 F.3d at 1385. The plain meaning of the statute is that a presumption of concurrent sentences applies only when a court fails to specify whether sentences imposed at the same time are to be served consecutively or concurrently. Thus, Sec. 3584 and U.S.S.G. Sec. 7B1.3(f) do not conflict. See 18 U.S.C. Sec. 3584(a); U.S.S.G. Ch. 7, Pt. B, intro. comment. (acknowledging that 18 U.S.C. Sec. 3584 gives sentencing court discretion to order sentences served concurrently or consecutively); see also Forrester, 19 F.3d at 484 (to the extent policy statement regarding revocation of parole conflicted with governing statute, statute controls).
 
 
 9
 Here, the district court considered Sanchez-Bonilla's arguments in favor of concurrent sentences, including his argument that Sec. 7B1.3(f) was not binding on the court. The court also considered a mitigating factor: that Sanchez-Bonilla had re-entered the United States to try to collect wages owed him by the Bureau of Prisons. In imposing a consecutive sentence, the court stated:
 
 
 10
 I understand the explanation that has been advanced as to why you entered the country. You did enter the country only three weeks after you had been deported in connection with the previous conviction in this matter. As I said, I understand the explanation.
 
 
 11
 * * *
 
 
 12
 If I had the discretion and if the guidelines were to be interpreted in such a way as to say in this particular case I was free to impose either a concurrent or consecutive sentence, I would impose the sentence that I imposed in connection with the supervised release, because I think it is appropriate, particularly, as I said, in light of how soon the Defendant attempted to come back into the United States.
 
 
 13
 The court added that, even though the court had departed downward in imposing the original sentence and had also rejected the suggested range of imprisonment to be imposed upon revocation of supervised release based on overrepresentation of criminal history, the court considered the fact that Sanchez-Bonilla had "a number of different arrests and convictions" in addition to his convictions for illegal re-entry.
 
 
 14
 The court properly considered the fact that Sanchez-Bonilla had re-entered the country only three weeks after being deported, and the fact that he had committed offenses besides entering the United States illegally. See 18 U.S.C. Sec. 3553(a)(1), (a)(2)(B) (court must consider circumstances of the offense, history and characteristics of defendant, and need for sentence to afford adequate deterrence); Conkins, 9 F.3d at 1385 (same).
 
 
 15
 Sanchez-Bonilla argues that the court should not have considered these factors because they are already factored into the sentencing range. This argument is based on the mistaken premise that the imposition of a consecutive sentence is equivalent to an upward departure. See Conkins, 9 F.3d at 1385 (consecutive sentences not equivalent to an upward departure; "calculation of what a combined, concurrent sentence would have been is irrelevant" where the court imposed a consecutive sentence and the sentence imposed actually represented a downward departure); cf. United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991) (if court declines to follow Chapter 5 Guideline concerning concurrent sentences, it must follow the usual departure procedures and explain its reasons).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3