_____

No. 96-2907

_____

United States of America,          *
                                          *
        Appellee,             *
                                            *
    v.                            *
                                            *
Rebecca L. Oates,            *
                                            *
        Appellant.         *  Appeal from the United States
                                          *  District Court for the
-------------------         *  Western District of Missouri.
                                          *
United States of America,          *  [UNPUBLISHED]
                                          *
        Appellee,             *
                                          *
    v.                            *
                                          *
Rebecca L. Oates,            *
                                          *
        Appellant.         *

_____

Submitted:  December 2, 1996

Filed:  January 3, 1997

_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.


Rebecca L. Oates pleaded guilty to illegally possessing food stamps and conspiring to distribute cocaine base, in violation of 7 U.S.C. § 2024(b) and 21 U.S.C. § 846, and was sentenced to concurrent 51-month prison terms and five years supervised release.  The district court subsequently reduced Oates's sentence to time served.  Oates later violated her release conditions and was sentenced upon revocation to concurrent 36-month prison terms.  She appeals.

Oates argues that the district court failed to consider the policy statements addressing revocation of supervised release in Chapter 7 of the Sentencing Guidelines. The provisions in Chapter 7 are merely advisory and do not have binding effect. United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam). Nevertheless, district courts must consider these provisions before imposing sentence, as 18 U.S.C. § 3583(e)(3) directs district courts resentencing an offender after revocation of supervised release to consider the factors set forth in 18 U.S.C. § 3553(a), which in turn requires, among other things, that the court consider any applicable policy statements. United States v. Hensley, 36 F.3d 39, 41-42 (8th Cir. 1994). We believe remand is required here, because it is not clear whether the district court considered the Chapter 7 policy statements. See id. The court did not indicate that it relied on any statutory or Guidelines provision in imposing sentence, and neither the revocation-hearing transcript nor the district court docket sheet indicates whether the court considered the probation officer's Guidelines worksheet and sentencing recommendation.

If the district court in fact considered the policy statements in sentencing Oates, it may simply say so and reimpose sentence. Otherwise, the court should consider the policy statements along with other sentencing factors and, in the exercise of its discretion, then impose the sentence it finds proper, up to and including the statutory maximum terms of imprisonment.[1]

Accordingly, we remand to the district court for resentencing.

---

[1]On remand, the district court should also reconsider the concurrent sentence on the food-stamp conviction, as that conviction was a Class D felony subject to a maximum prison term of five years, and the maximum term for a Class D felony upon revocation of supervised release is two years. See 7 U.S.C. § 2024(b); 18 U.S.C. §§ 3559(a)(4), 3583(e)(3).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.