United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-3494

_____

United States of America,                      *
                                               *
            Appellee,                          *
                                               *    Appeal from the United States
     v.                                        *    District Court for the
                                               *    Northern District of Iowa
Rickie Perkins,                                *
                                               *        [UNPUBLISHED]
            Appellant.                         *

_____

Submitted:    January 7, 1998
    Filed:    February 11, 1998

_____

Before McMILLIAN, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.


        Rickie Perkins appeals from  the final judgment entered in the United States
District Court[1] for the Northern District of Iowa sentencing Perkins to ten months
imprisonment upon revoking his supervised release.  For reversal, Perkins argues his
sentence was too harsh in light of the admitted violations of release conditions.  For the
reasons discussed below, we affirm the judgment of the district court.

---

        [1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for
the Northern District of Iowa.

In January 1996, Perkins pleaded guilty to theft of government funds, in violation of 18 U.S.C. § 641. The district court sentenced him to twelve months and one day in prison and two years supervised release, and ordered him to pay restitution of $3,630 to the United States Railroad Bureau of Unemployment and Sickness Insurance. Perkins's supervision commenced in December 1996, and in August 1997, his probation officer filed a petition asking the district court to issue a summons and revoke supervised release. At a hearing, Perkins stipulated to the violations alleged in the petition: that he failed to attend a scheduled appointment with his probation officer; that he was unemployed and failed to so notify his probation officer; that he failed to show up for drug testing on several occasions, and tested positive for cocaine on three occasions; that he failed to make any monthly restitution payments as agreed; and that he was twice arrested for driving while his license was suspended. The district court found Perkins in violation of the conditions of supervised release and sentenced him to ten months in prison, with no additional supervision, providing reasons for a mid-range sentence.

Title 18 U.S.C. § 3583(e)(3) controls the maximum sentence allowable upon revocation of supervised release. See United States v. Hensley, 36 F.3d 39, 41-42 (8th Cir. 1994). Because Perkins's underlying conviction was a Class C felony, see 18 U.S.C. §§ 641, 3559(a)(3), he was subject to a maximum two-year term of imprisonment upon revocation of his supervised release. Id. § 3583(e)(3). Having carefully reviewed the record, we conclude the district court did not abuse its discretion in imposing a ten-month revocation sentence. See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review). Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.