# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3636

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| James R. Harker-Bey, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  May 4, 2004

Filed:  May 18, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.


James Harker-Bey appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon revocation of his supervised release. The district court sentenced Harker-Bey to 14 months imprisonment followed by continuation of his supervised release until its original expiration date. For reversal, Harker-Bey argues that the district court engaged in speculation in concluding that

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

he missed his drug-testing appointments because of cocaine usage, and failed to consider his proffered reasons--he had been having memory problems and mental-health issues--for missing his appointments. For the reasons discussed below, we affirm the judgment of the district court.

In July 1994 Harker-Bey pleaded guilty to distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 78 months imprisonment and 5 years supervised release. Harker-Bey commenced supervised release in June 2000. In October 2003, the government petitioned for revocation based on Harker-Bey's drug and alcohol use and multiple failures to report for drug testing, all of which Harker-Bey admitted.

We reject Harker-Bey's arguments. The 14-month prison term imposed by the district court is within the range recommended by the Sentencing Guidelines, see U.S.S.G. § 7B1.4(a) (8-14 month range), and is not an abuse of discretion, see United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review). Furthermore, the district court was not obligated to credit, or to use as a basis for sentencing leniency, the explanations offered by Harker-Bey as to why he violated his supervised-release conditions. See United States v. Hensley, 36 F.3d 39, 41 (8th Cir. 1994).

Accordingly, we affirm.

_____