# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3427

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kevin Edward Lea, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [PUBLISHED] |
| | * | |

_____

Submitted: March 7, 2005
Filed: March 24, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kevin Edward Lea appeals the sentence the district court imposed after he pleaded guilty to a drug charge. We vacate Lea's sentence and remand for resentencing in light of United States v. Booker, 125 S.Ct. 738 (2005).

Lea pleaded guilty to conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He entered into a written plea agreement in which he stipulated to specific offense conduct and acknowledged that these admissions would be used to calculate his sentence under the federal Sentencing Guidelines. Before sentencing, however, he objected to being sentenced under the Guidelines,

arguing they were unconstitutional based on the Supreme Court's then-recent decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). The district court rejected Lea's constitutional challenge and imposed a Guidelines sentence of 110 months imprisonment and 4 years supervised release. On appeal, Lea renews his constitutional challenge to the Guidelines.

In <u>Booker</u>, the Supreme Court held that the mandatory aspect of the federal Sentencing Guidelines was unconstitutional and modified Sentencing Reform Act provisions to make the Guidelines advisory. <u>See</u> 125 S. Ct. at 756-57. We disagree with the government's position on appeal that because Lea's Guidelines sentence was based on facts he admitted or to which he stipulated, he cannot challenge his sentence. <u>Booker</u> specifically rejected the invitation to leave the Guidelines as binding in cases that do not involve judicial factfinding. <u>See</u> <u>id.</u> at 768. Because Lea properly preserved his challenge to the constitutionality of the Guidelines, we conclude he is entitled to be sentenced under an advisory, rather than mandatory, Guidelines scheme.

We also reject the government's argument that Lea expressly waived, in the plea agreement, his right to make this constitutional challenge on appeal. Paragraph 15 of the plea agreement expressly allowed Lea to dispute at his sentencing hearing any issue not "specifically listed" in Paragraph 14. Paragraph 12 gave Lea the right to appeal any sentencing issues not "specifically addressed" in Paragraph 14. Lea's acknowledgment in Paragraph 14 that certain Guidelines provisions would be applicable to his case did not specifically address the issue of mandatory or advisory application of the Guidelines. Therefore, the language of the plea agreement cannot be construed to foreclose Lea's ability to make this constitutional challenge.

Finally, we cannot conclude, on the record before us, that it was harmless error for the district court to sentence Lea under a Guidelines scheme the court believed to be mandatory. <u>See</u> <u>Booker</u>, 125 S. Ct. at 769 (in cases not involving Sixth

Amendment violation, whether resentencing is warranted may depend on application of harmless-error doctrine). We note that the district court sentenced Lea at the low end of his Guidelines range, and had it not felt bound by the Guidelines, could have imposed a sentence as low as 60 months. Cf. Williams v. United States, 503 U.S. 193, 202-03 (1992) (when district court misapplies Guidelines, remand is required unless reviewing court determines, on basis of whole record, that error is harmless, i.e., error did not affect district court's selection of sentence imposed); United States v. Hensley, 36 F.3d 39, 42 (8th Cir. 1994) (where record did not show conclusively whether district court considered Guidelines policy statements in imposing sentence, remand was proper because "we cannot be certain the error was harmless").

Accordingly, we reverse as to Lea's sentence and remand to the district court so that Lea may be resentenced in accordance with Booker.

_____