**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2203

UNITED STATES OF AMERICA,

Appellee,

v.

JASON BOURGEOIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Michael J. Iacopino and Brennan Caron Lenehan & Iacopino on brief for appellant.
Thomas P. Colantuono, United States Attorney, and Peter E. Papps, Assistant U.S. Attorney, on brief for appellee.

April 18, 2005

**Per Curiam**.  Defendant, Jason Bourgeois, appeals from a criminal sentence imposed before the United States Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738.  Booker rendered the United States Sentencing Guidelines advisory rather than mandatory.  Id. at 764-65.  Bourgeois argued below that Blakely v. Washington, 124 S. Ct. 2531 (2004), effectively rendered the Sentencing Guidelines unconstitutional as a whole.  Pre-Booker, the district court found that the Guidelines were not unconstitutional as applied to Bourgeios, who had stipulated to the relevant facts in his plea agreement, and therefore sentenced him under the Guidelines.  Bourgeois appealed.  While the appeal was pending, Booker was decided, and we invited supplemental briefing as to whether Bourgeios preserved a claim of Booker error below and, if so, whether that error was harmless.

The parties agree, correctly, that by challenging the constitutionality of the Guidelines in the district court, Bourgeios preserved a claim of Booker error, i.e., that he was sentenced under a mandatory Guidelines system.  See United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005).  Thus, the only issue presented by this appeal is whether the preserved Booker error was harmless.  On that issue, the government has the burden of showing harmlessness.  Chapman v. California, 386 U.S. 18, 24 (1967); United States v. Ventura-Cruel, 356 F.3d 55, 64 (1st Cir. 2003).  To make such a showing in the sentencing context, the

-2-

government must show, at a bare minimum, "'that the error did not affect the district court's selection of the sentence imposed.'" United States v. Labastida-Segura, 396 F.3d 1140, 1143 (10th Cir. 2005) (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

The precise standard of proof depends on whether the error was a constitutional one, whose harmlessness must be proved beyond a reasonable doubt. Chapman, 386 U.S. at 24. Here, however, even assuming, without deciding, that the error was not of constitutional dimension (since Bourgeois' sentence was based on the parties' factual stipulations rather than on judge-found facts), the government has not met even the lesser standard of demonstrating the absence of any "grave doubt" as to whether the error was harmless. Kotteakos v. United States, 328 U.S. 750, 764-65 (1946); see also United States v. Haidley, 400 F.3d 642, 645 (8th Cir. 2005).

It is often some indication that a preserved Booker error was not harmless when, as now, the district court sentenced the defendant at the very bottom of the applicable Guidelines range. See, e.g., United States v. Lea, 400 F.3d 1115, 1116 (8th Cir. 2005); Haidley, 400 F.3d at 645; United States v. Hazelwood, 398 F.3d 792, 801 (6th Cir. 2005); Labastida-Segura, 396 F.3d at 1143. In this case, there are additional indications that "it is at least possible," Hazelwood, 398 F.3d at 801, that the district court

-3-

would impose a lesser sentence under a non-mandatory Guidelines regime. At the sentencing hearing, Bourgeios' counsel made an extensive proffer of the witnesses he would call if the court were not bound by the Guidelines. Those witnesses, he represented, would have testified that Bourgeois was cooperative during his pretrial supervision, that he is a hard and dependable worker, and that he overcame a severe substance abuse problem. Based on that proffer, the district court acknowledged that Bourgeois "worked hard and . . . [did] all the things [he] should do as a reasonable citizen" but expressly disavowed any reliance on those factors, which were not relevant under the Guidelines but may be relevant under post-Booker standards. See Antonakopoulos, 399 F.3d at 81. The government offers no indications to the contrary. Under these circumstances, we are reluctant to say that the error was harmless.

Accordingly, the sentence is vacated and the case is remanded for resentencing under the standards articulated in Booker, 125 S. Ct. at 764-65. We intimate no view as to the appropriate sentence to be imposed.

The conviction is affirmed, the sentence is vacated, and the matter is remanded for resentencing.