# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2856

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Western District of Missouri.
Chadwick Wayne Acison,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　*

_____

Submitted: April 12, 2005
Filed: August 10, 2005

_____

Before COLLOTON, McMILLIAN, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Chadwick Wayne Acison pled guilty to manufacturing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced Acison to a term of 100 months' imprisonment. Acison appeals his sentence, and we vacate and remand for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Acison pled guilty pursuant to a plea agreement in which he stipulated that he was responsible for the manufacture of 229.03 grams of methamphetamine. Based on facts admitted in the plea agreement, for purposes of the United States Sentencing

Guidelines, the probation office calculated a base offense level of 28 under USSG § 2D1.1, and a total offense level of 25 after a three-level downward adjustment for acceptance of responsibility. The probation office then calculated a criminal history category of V, making the applicable guideline sentencing range 100 to 125 months. Acison did not object to the PSR's findings of fact. The district court declined to depart downward from the applicable guideline range, but did sentence Acison at the bottom of the range. In addition, although Acison had not yet objected to the use of the mandatory guidelines, the district court announced that "[i]f the guidelines should be declared unconstitutional, then it'll be the judgment of the Court that the defendant be sentenced to imprisonment for a term of 60 months." (S. Tr. at 4). The court advised Acison that he could "appeal the guidelines," and reiterated that if the guidelines were declared unconstitutional, Acison would receive a 60-month sentence. (S. Tr. at 6).

The government argues that Acison, as part of his plea agreement, waived his right to appeal the sentence based on *Booker*. In the agreement, Acison agreed that "his sentence w[ould] be determined and imposed pursuant to the Sentencing Guidelines," and that he could appeal only sentencing issues "which ha[d] not been agreed upon or . . . specifically addressed" in the agreement. We have held, however, that a plea agreement with virtually identical provisions does not waive the right to pursue a *Booker* claim on appeal, *United States v. Lea*, 400 F.3d 1115, 1116 (8th Cir. 2005) (per curiam), and we therefore reach the same conclusion here.

In *Booker*, the Supreme Court held that certain applications of the mandatory sentencing guidelines violated the Sixth Amendment. As a remedy, the Court declared the guidelines "effectively advisory" in all cases. The government argues that there was no error at all in this case, because Acison stipulated to or admitted all of the facts upon which his sentence was based. If correct, however, this argument establishes only that the case involves no constitutional error under the Sixth Amendment. Acison undoubtedly was sentenced in accordance with the mandatory

-2-

sentencing guidelines, rather than the advisory scheme announced in *Booker*, so his case at a minimum involves a non-constitutional error. *See United States v. Pirani*, 406 F.3d 543, 548 (8th Cir. 2005) (en banc).

The government argues that Acison did not preserve a *Booker* objection in the district court, and that we should review the sentence under the relatively deferential plain-error standard. *See Pirani*, 406 F.3d at 549-50. This case involves an unusual situation in which the defendant did not argue the point of error, but the district court *sua sponte* raised the constitutionality of the sentencing guidelines. The district court informed Acison that he would receive a lesser sentence if the guidelines were found unconstitutional, and that he could appeal that issue.

Given that the district court indicated it was fully aware of the issue that Acison now appeals, and that the court obviously had an opportunity to consider and decide it, there is authority supporting the view that Acison was not required to raise the issue himself in order to preserve it. *See United States v. Martinez-Cigarroa*, 44 F.3d 908, 909 n.1 (10th Cir. 1995); *see generally United States v. Thornberg*, 844 F.3d 573, 575 (8th Cir. 1988) (discussing policies underlying requirement of preserving error). We need not resolve that question definitively, however, because even under the plain-error standard, Acison is entitled to resentencing. The district court's statement at sentencing – that it would have imposed a term of 60 months rather than 100 months "if the guidelines should be declared unconstitutional" – establishes a reasonable probability that the court would have imposed a more favorable sentence if the guidelines were not mandatory. Under our post-*Booker* precedents, this error also seriously affects the fairness, integrity, or reputation of judicial proceedings. *See United States v. Rodriguez-Ceballos*, 407 F.3d 937, 941-42 (8th Cir. 2005); *United States v. Beltran-Arce*, No. 03-4035, 2005 WL 1773794, at * 4 (8th Cir. July 28, 2005).

Although the district court previously stated a specific term of imprisonment that would be imposed "if the guidelines are declared unconstitutional," the court at that time did not have the benefit of guidance from *Booker*, including the requirement that a district court must consider the advisory guideline range and arrive at a final sentence that is "reasonable" with regard to 18 U.S.C. § 3553(a). We express no view on whether any particular sentence would be "reasonable," and we leave it to the district court in the first instance to impose sentence in accordance with *Booker* and § 3553(a).

The judgment of the district court is vacated and the case is remanded for resentencing.

_____