United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-41418

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS ALBERTO PEREZ-RAMALES,
also known as Tomas Velalsquez-Sanchez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Tomas Alberto Perez-Ramales (Perez) appeals the sentence imposed following his guilty-plea conviction for being illegally present in the United States in violation of 8 U.S.C. § 1326 (a) & (b). Perez argues that the district court erred by sentencing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him under the mandatory guidelines scheme held unconstitutional in *United States v. Booker*, 125 S.Ct. 738 (2005). He made no *Booker* related objection whatever below.

The government argues that Perez waived his right to appeal his sentence. In support of its waiver argument, the government points to the following language contained in Perez's plea agreement:

> "The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the indictment or (2) proven to a jury or (3) proved beyond a reasonable doubt. The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines. The defendant explicitly acknowledges that his plea to the charged offenses(s) authorizes the court to impose any sentence authorized by the Sentencing Guidelines, up to and including the statutory maximum under the relevant statute(s)."

We have differentiated the two types of error under *Booker*, labeling the type of error that Perez raises in this appeal — the application of the Sentencing Guidelines as mandatory — as *Fanfan* error. *See United States* v. *Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir. 2005), *petition for cert. filed* (Sep. 2, 2005)(No. 05-6242). The other type of error under *Booker* is the violation of the Sixth Amendment right to have a jury find beyond a reasonable doubt all facts that increase the sentence beyond the maximum sentence that could be imposed based on facts admitted by the defendant. *Id.* The terms of this plea agreement arguably constitute a waiver of the Sixth Amendment rights otherwise

2

protected by *Booker error*, but they fall short of the appeal waiver that the argument claims. Not only does Perez's plea agreement contain no explicit waiver of appeal (and, indeed, does not even contain the word "appeal" or any synonym thereof), but there was no discussion of a waiver of the right to appeal at the Rule 11 hearing. *See* FED. R. CRIM P. 11(b)(1)(N).

Perez's claim of *Fanfan* error is raised for the first time on appeal, as he concedes, and so we review the claim under the plain error standard of review. *Valenzuela-Quevedo*, 407 F.3d at 732.[1] *Fanfan* error "satisfies the first two prongs of that standard by being both 'plain' and 'error.'" *Martinez-Lugo*, 411 F.3d at 600. To meet the third prong of the plain error analysis, however, and show that his substantial rights were affected, Perez "faces a difficult challenge in establishing that the sentencing court's use of a mandatory rather than an advisory Guidelines scheme actually affected the outcome of the proceedings." *United States v. De Jesus-Batres*, 410 F.3d 154, 166 (5th Cir. 2005) *petition for cert. filed* (Aug. 9, 2005)(No.

---

[1] We assume, *arguendo* only, that the above quoted language in Perez's plea agreement does not constitute a waiver by Perez of any objection to being sentenced under mandatory guidelines so as to preclude his prevailing before this court on the merits of his complaint that it was error to so sentence him. *See United States v. Haidley* 400 F.3d 642, 644-45 (8th Cir. 2005); *United States v. Lea*, 400 F.3d 1115 (8th Cir. 2005). *See also United States v. Puckett*, ___ F.3d ___, No. 04-5988, 2005 WL 2123790, at *2 (6th Cir. Sep. 6, 2005).

3

05-6275). "To carry this burden, the defendant must ordinarily point to statements in the record by the sentencing judge demonstrating a likelihood that the judge, sentencing under an advisory scheme rather than a mandatory one, would have reached a significantly different result." *Id.* This court has emphasized that the "defendant's burden of establishing prejudice 'should not be too easy.'" *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005) (quoting *United States v. Dominguez Benitez*, 124 S.Ct. 2333, 2340 (2004)). The fact that Perez received the 46 month minimum in the Sentencing Guidelines range (46-57 months) for his offense level and criminal history score is not alone sufficient to satisfy the third prong. *Martinez-Lugo*, 411 F.3d at 601; *United States v. DeJesus-Batres*, 400 F.3d 154, 163-66 (5th Cir. 2005); *United States v. Creech*, 408 F.3d 264, 271-72 (5th Cir. 2005); *United States v. Holmes*, 406 F.3d 337, 362-66 (5th Cir. 2005). There is nothing in the record to indicate that the judge would have sentenced Perez differently under advisory guidelines.[2] Because Perez has not shown that his substantial rights were affected, he has not demonstrated plain error. Perez also argues that this error should be presumed prejudicial, but we have previously rejected that argument. *United States v.*

---

[2] We note that the district court at sentencing overruled Perez's contention (not raised on appeal) that the PSR over represented his criminal history, and in doing so characterized his prior attempted murder conviction "as a very, very serious offense."

4

*Malveaux*, 411 F.3d 558, 561 n.9 (5th Cir. 2005).

Perez's only remaining argument is that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), and its progeny, because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant. Perez concedes this argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 118 S.Ct. 1219 (1998), but raises it here to preserve the issue for review. We must follow *Almendarez-Torres* "'unless and until the Supreme Court itself determines to overrule it.'" *United States v. Izaguirre-Flores*, 405 F.3d 270, 277–78 (5th Cir. 2005) (citation omitted).

AFFIRMED.