# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-2222

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Patrick Horton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 7, 2014
Filed: November 18, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Richard Horton directly appeals following the district court's[1] revocation of his supervised release, arguing that the court (1) abused its discretion in revoking

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

supervised release based on a finding that he committed the Arkansas offense of third degree assault on a household member; and (2) imposed an unreasonable sentence.

We conclude that the court did not clearly err in finding that Horton committed third degree assault, based on the court's inferences, from the totality of the evidence, that Horton had intended to scare the victim. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (factfinding as to whether violation occurred is reviewed for clear error); United States v. Hensley, 36 F.3d 39, 41 (8th Cir. 1994) (statutory construction is reviewed de novo); Harmon v. State, 8 S.W.3d 472, 477 (Ark. 2000) (factfinder may draw upon common knowledge and experience to infer defendant's intent). The court thus did not abuse its discretion in revoking supervised release. See 18 U.S.C. § 3583(e)(3); Carothers, 337 F.3d at 1019 (standard of review). We also conclude that the within-Guidelines-range revocation sentence is not unreasonable. See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009).

Accordingly, we affirm the judgment of the district court. We also grant counsel's motion for leave to withdraw.

_____